The best case of the day is United States v. Wilson, appeal number 24-2375. Mr. Hillis, it's nice to see you. Ms. Greenwald, Ms. Bonamici, same. Mr. Hillis, you can begin whenever you're ready. And I would suggest you start with what is plain under the Olana factor about any error in this case. Oh, certainly, Your Honor, and I will. But before I begin, it's come to my attention this is Helene Greenwald's last oral argument before she caps her career. So I wanted to say it's been my pleasure to have been against her in previous cases and again today. With that, may it please the court, counsel, my name is Daniel Hillis. I represent Gary Wilson. And what's plain about this is when you look at the elements, you perform the basic comparison as Mathis says that we do, and you would see that the Illinois statute is broader than the federal statute that is at issue here for the enhancement. I'm with you there. What about divisibility? Isn't that the harder question here in this case? I don't think so, Your Honor, because if we look at what I'd say is the best iteration of application of the task, we are looking at least men, and least men is applying elements, excuse me, means in that instance. And we are here not looking at a divisibility problem, I would say. We are looking at instances where you have at the element you have to establish what the victim is, and the means are that the victim is either a minor or the victim is an adult with a profound intellectual disability. So I don't think that there is a divisibility problem there at all. It's just different ways of being in violation of the Illinois statute. So I think that there is not a divisibility problem here, and we would rely on the court's jurisprudence from these men to say what the appropriate test is. So we're looking at the categorical test, not the modified categorical test. And if we look at even Mathis as a sort of benchmark analytically, deadly weapon is the concern that they give in the hypothetical, and it could be a knife, a gun, I can't remember the other examples, maybe a cudgel, but pretty sure that you can be convicted regardless of what you use. Your answer that it's not divisible, does it come just from the text, or would we also be able to rely on Rubio in your view? I think that you could to get there if you should have to go that far, and you could furthermore look at the Illinois jury instructions on this, which again establish that it means, but we do have the intermediate appellate court decision from Rubio, like Your Honor says, and the Rubio decision is not very lengthy in terms of its analysis, but it's the holding that matters, and so Rubio holds in this court. But they don't really address the issue, right? They don't address the issue. Well, maybe not to the government's satisfaction, and Your Honor may have gone into greater depth, but they do address the issue exactly. And once they do, this court's jurisprudence says case closed, right? We're done. What's the unifying category here defining adjoining children and mentally disabled? There are separate overarching concerns of the genus of the harm, so that's a point that we're trying to distinguish. Right, but with respect to divisibility, if you allege a child or if you allege a mentally ill or a mentally disabled individual, your proof is totally different. So why does that not make them elements as different than means? Well, I don't think that that's any different than a gun is different than a knife. Well, no, there's a unifying element there. They're both a weapon. That's my point. It seems like the means cases, there's this unifying principle, right? They're both a weapon, and therefore it's a means. Here they're not. They're totally different categories of individuals, and the proof to meet the separate categories of individual would be different. A child, you just have to prove they're under 18. Sure. But a mentally ill individual has nothing to do with their age. I understand. I understand your point. So the unifier is this, that Illinois is concerned about certain types of victims. So people who are within the victim class, and then that could include any number of things that Illinois chooses to put in there. So for the Illinois statutory structure, the class of victim is a person who is unable to adequately protect themselves, and the specific examples would be who populates the class. So your answer is it's just narrowly. So as in Mathis, different types of weapon, knife, gun, with this statute, different types of victim, different means. Child, intellectually disabled adult. That's it. It's that simple. It's very clean. Yes. So you would say that a knife and a gun are similar analogous to a child and a mentally ill individual. For the means analysis, yes. I mean, absolutely yes. I understand that there's an object and a corporeal being. I have a hard time recognizing those two things. Well, I think that it comports with what Mathis tells us to look at, Judge. So protected class of individual, victim, and then the different means, a prosecutor under the jury instructions, as I recall them, you do not have to have uniformity of the jury verdict as to whether it is an adult with a profound intellectual disability or if it is a minor. You could have a jury of 12, 6 on one, 6 on the other side of that issue, but those are means and the verdict would be upheld. Yeah, I guess I just have a problem reconciling that with, like, United States versus elder. You know, we're talking about dangerous drugs.  And we said that there's this unifying thing. The government would have to prove or the state would have to prove a dangerous drug, but they wouldn't have to prove the type of dangerous drug. Here, that's totally different. They would have to prove an incapacitated person, but they'd have to establish the type of incapacitated person, and they'd have to bring in evidence to do that. Where an elder, that was not an issue. Go ahead. So the categorical series of cases may be mind benders for a lot of people who apply what they would call common sense and intuition and things like that. I respect that. That makes sense to me a lot of times, too, if I were to be a non-lawyer. But here, when we're applying what Mathis tells us to do from the Supreme Court, and it is easily comported with Mathis that these are different means, and the jury instructions would help us determine that. I think also the divisibility question has been determined by Rubio, so I think that also helps us on this. So I don't see any problem. I mean, Rubio makes it obvious? Yes. It's the only authority that the government or Mr. Wilson has been able to point to. I think it's the sole statement on the issue. But, I mean, I guess I just have trouble conceptually with the district court was supposed to know of Rubio because the indivisibility of the statute was so clear and obvious. We have in the past, we fixed this in Page, we have in the past conflated prong one and prong two and sort of skipped over. There's error, now does it affect the substantial rights? But in Page, we're very clear, you can't do that. You have to talk about what's clear and obvious about any error. Text. In this case, it's text that shows the error. We look at the text of the Illinois statute, it's inclusive of intellectually disabled adults, profoundly illiterate. I'm not, I mean, I'm not, it shows the error, fine, but your argument is the same, that it also shows that the error is obvious and clear. Right. That's all you can make, right? I mean, that's what you got. I think that's all we need. Yeah. Because that's what the statutes have done in the past to demonstrate plain error for cases of similar type, for the categorical analysis. So reconciling the text, that's all we need. So it doesn't matter how difficult the issue is. It doesn't, you're saying it doesn't matter how difficult the issue is, it's just if the issue exists, it's obvious. So isomers of cocaine and things like that may not have been intuitive to others, but it's still obvious in this statute framework. I mean, because otherwise we wouldn't have a Ruth, for example. That's right. And we cited Ruth. So we have these plain error categorical approach cases, and we would not have plain error categorical approach cases if it couldn't be that the complexity of the categorical approach, categorically, to use it again, bars something from an error from being obvious. Your Honor, I think that's absolutely correct. I would also add that we tried to make sort of the opposite argument in Nebinger once upon a time where we said it wouldn't have been obvious to a defense attorney coming in to challenge this statute and say it's not a valid predicate. And I can't remember if Judge Wood wrote the Nebinger decision for the court, but it was pointed out in the opinion the building blocks were there. Whether you recognize it or not, the Supreme Court jurisprudence pointed you in the right direction, tailored the camps, all of these. And if you applied those things, you do get to this result. And in any event, the overarching genus, what did Leastman refer to as the sort of connector? In all of the cases the government cites, there are child victims every time. So that distinguishes Kramer, Leastman, Howard, because in each instance where they say related to or in relation to, it always goes back to the same type of victim, exclusively a minor, as opposed to the Illinois statute. You cannot say that the harm is related to the same type of victim when there are different victims in the class, the intellectually disabled adult and the minor. That takes this outside of Leastman, Howard, Kramer. In fact, it results in the inverse conclusion in Leastman that we would say in here this is not in relation to because the difference in types of victims. I'll put that at reserve. Thank you. Okay, Ms. Greenwald. Good morning, Your Honors. I'm going to start with the divisibility raised by the court. And first of all, Rubio did not decide this issue for the satisfaction of Mathis, which directs the court, quote, to look for a state court decision that definitively answers the question. Rubio had nothing to do with whether... I think I might agree with you had Rubio not said the elements of this Illinois statute are boom, boom, boom, boom, boom. Right, but it's just doing it rote, Your Honor, because the issue in Rubio... So we should not take the Illinois court at its word that those are the elements? You want us to second guess? It's definitely saying it's listing the elements, but it's listing them just as a rote matter, quoting from the statute. There's no analysis whatsoever. That wasn't the issue. Rubio involved just images of a child, and the question was, is possession of child pornography, a lesser included offense of production of child pornography, that had nothing to do with who the victim was. It had everything to do with the act of production versus possession. So there was no need to get into whether it was one element or two elements or a means. We think they were wrong. Pardon me? So is your position they were wrong when they set forth the elements? No, absolutely not. My position was it was just quoting the statute by rote with no consideration as to whether those particular things were separate elements. There was no need to distinguish them. It sounds to me like you're just telling us to apply Iliad. Yeah, it just didn't address it. And Mathis is very clear, and this court's decisions have been very clear, that it's only decided by a court when it squarely faced that issue. Like the other cases we cite in the footnote, squarely addressed whether those things are means or elements. This did not, nor did the jury instructions. Again, they're just rotely stating them. So then it leads you to look at the statute itself, and not only in Elder but as really developed in the first, third, and fourth circuits. It's this whole idea based on Chambers, based on the Supreme Court decision in Chambers, of whether there is this overarching category. And to say that the overarching category is victim would be the equivalent of saying the overarching category in anything else is the act, right? That you could say that, you know, I'm coming up with a bad example, but to take a particular prong of a statute that has a series of acts that are unrelated to each other and just saying it's the act, it's the victim. It's so generic as to have no meaning as a category. And I think looking at it under plain error review, Judge, I totally agree with you. There are plain error review cases. Finding plain error in the categorical context, absolutely. But those are cases where it's really clear. Like Ruth, I believe the defendant cites in his brief as an example of where you find plain error in a categorical response in the divisibility context. But that's reading Ruth out of context, because what happened in Ruth was it was an issue of whether the government argued the cocaine, that cocaine was divisible from the rest of the statute. And this court said, yes, it is. But the issue in Ruth was cocaine itself. What were the elements of cocaine and what was the meaning of cocaine? And when it found plain error in cocaine, it's because cocaine was described as isomers or this or that, and you could directly compare that to the actual things listed in the Illinois statute. It was just look at one and look at the other. It wasn't these intricate issues of what is the category, where does it fit? It was just a whole different kind of approach and question. This case, under the plain error standard, the defendant has not met its burden of showing that it was obvious that this statute is not divisible. So that's point one. And you reach that, I believe, only if you find that there is no relation whatsoever, in the broadest sense of the word under Leastman, for a relationship between children and adults with profound and severe intellectual disabilities. And, of course, our initial argument is there is a relationship within the meaning of those statutes. And, of course, that has to be clear and obvious, too. Absolutely, Your Honor. Both things have to satisfy the plain error.  And the government's position is that the defense cannot prove sufficiently, carry its burden, that any error here is obvious. Because this Congress in 2251e expressly directed, and this court has expressly found en banc, that when it used the language related to child pornography, it meant it in a very broad sense, in the sense of a connection to, bearing on, having some relation with. Can I ask you about that? Yes. So in Leastman, our en banc court was careful to say the harm that 2252b was connected to was the sexual exploitation of minors. Yes. And they found the same harm throughout the federal child porn statutes. So Kramer, sexual exploitation of minors. Kauffman, sexual exploitation of minors. And then they looked back at the state statute and I don't take you to be abandoning our obligations under Borden about looking at the least serious, punishable conduct. And so they looked back at the state statutes. Those state statutes were connected to this harm, the en banc court said. Sexual exploitation of minors. If we fulfill our obligations to Borden here and look at the least serious offense under this Illinois statute, which again, not for moral purposes, I heard Mr. Hillis respond to Judge Quinn, not for moral purposes, offense conduct directed against a profoundly intellectually disabled adult. But that's the least serious offense for our intellectual legal purposes here. How is that, in your view, related to the harm the federal child porn statute is protecting against, which is sexual exploitation of minors?  And directly. And I would say that one of the things that informs that is it's not a least severe. And I take what you're saying there, Your Honor, that it's hard to call it least severe when you're taking pictures of intellectually disabled people. But I think one of the things that gives us pause there is the intellectually disabled person, profoundly and severely, is defined specifically in Illinois law to equate in every measure that is critical here, and I'll get to in a second, to a child. Because the very cognitive qualities that those intelligent quotients, as we've shown you in the scientific data, lead to... I get where you're going there, and I agree with you. It's defined in the Illinois statute. It's under the words child pornography. I 100% agree. Are we, in this analysis, to be looking at the federal definition and the federal legislative history in text and not, you went into some arguments in your brief about Illinois legislative history, so... It is the federal, but the federal word is relate, correct? And what I was getting to was the very concerns that led to the enactment of the child pornography statutes, that children cannot consent, that children do not have the same judgment developed, and the vulnerabilities and protection required because of that are the very qualities that the Illinois statute, the very cognitive qualities that they define the severely and profoundly intellectually disabled people to hold. And that's why it relates, Your Honor. It relates because two things. One, Congress chose to use the word relates, and this court has said that's very broad connection to, bearing on. And tell me why you say the definition we're looking at is relate. I understand that for a categorical approach, but why is the term we're not looking at the definition for, child pornography, in the federal statute? Relates to child pornography because Illinois, it's connected to, has a bearing on, has an association with child pornography because Illinois has defined that by the statute in a way that equates them, equates them in every cognitive metric that caused the federal government to protect children from pornography, defines it in a way that every cognitive metric is identical to children, that's the equivalent of children. Because these individuals, they have to have an IQ, an intelligent quotient, of less than 40, or of 40 to 55 if it's accompanied by a significant mental impairment that impairs their judgment. Those are the same, they're the equivalent of, essentially the equivalent of babies or very young children. And the reason that Congress passed, in the first place, child pornography laws was to protect children because they couldn't consent, because they did not have judgment. So to say that it doesn't relate, relate directly in fact to child pornography, that it has no bearing on child pornography, we would just say is not as far from obvious under plain error review. And it's certainly something that hasn't been proven, or the burden hasn't been carried. And can I add one more comment?  If this court finds it is not related under this extremely broad sense of being unrelated, if it's not, if there's no genus that unites these two under this broad category, then that does lead us to the divisibility. Because then, under all the case law that we cited in our brief, there is no, being a victim is just, it's meaningless. If that's going to be the element, when is element, you know, just being a victim an element? That that would be enough. And then the divisibility argument has not been proven to be clearly erroneous. And for all these reasons, we ask that you affirm the sentence imposed on this defendant. Thank you, Ms. Greenwald. Mr. Ellis, do you have some rebuttal? How much time did he have? One second? You better be fast. We'll give you, you want two minutes? We'll give you two minutes. That'd be great. Thank you, and I appreciate it. So I'd like to begin by saying that the Congress knows how to include who it wants to protect, and it memorializes that in its statutes. And if it wished to include adults with profound intellectual disabilities, those terms could be included just as easily as Illinois included it in its statute. I think that the government is wrong to focus exclusively on consent, and that's why everything is the same, adults to children, because we know that physiologically children are different from adults, and the physical harm to a body that's been subjected to, you know, very terrible sexual abuse, it just affects minors different than adults, and there is a reason to treat children differently like the Congress has done versus including adults. So you can't just say the two are the same. They are not. And the depth of analysis, I would caution this court to warm to the government's idea that once we have an Illinois immediate court decision from the Illinois Court of Appeals, in this case Rubio, that we should be able to then take issue with the depth of analysis, because the conclusion is... We've already done that. We did that specifically in Elion. That's exactly what we did. So I understood the government to be saying two different things, Your Honor. So Elion, I don't remember the government taking that up in its brief. In Elion, the state court mentioned a part of a statute in passing but didn't opine on whether the statute was divisible, and we didn't put weight on that question because the state court didn't squarely address it. That's exactly what we have here. The state court didn't address it. They just mentioned it in passing. Rubio does address it, and it's integral to its conclusion ultimately in its holding, so it's about the depth of analysis, but they clearly address it. So I think that distinguishes the case, and I'm not, again, aware if the government talked about the Elion decision, and I could look for a 28J letter on the subject if Your Honor wants, but I just don't remember that being a feature in the government's brief. The last thing I would say is look to the verbiage of the statute, and that's how the air becomes as clear here as any other plain air case where people have gotten relief. It is not something that we're unable to establish here, and I would further pitch this in. We can decide that the government prevails on this case, but I expect an IAC claim to come in the days following that. So maybe addressing this now would be for the benefit of all and for people who are going to be having to deal with the statute, whether it's a predicate offense in later CP cases that come to this court. Thank you. Thank you, Mr. Hillis, and thank you, Ms. Greenwald. Thank you for your many years of service to the court. Congratulations on your retirement. And the case will be in recess. Thank you. Thank you. Thank you.